IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LEE L. GRANTHAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05-4017-CV-C-SOW |
| BOB JONES, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court are defendants Bob Jones, Michael Forck, Eric Peters, John Hemeyer, Gary Woodward, Richard Callahan, Elizabeth Kohler-Callahan, and Anji Gandhi's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. # 17), defendants Judge Patricia Joyce and Attorney General Jeremiah W. Nixon's Motion to Dismiss (Doc. # 20), defendant Marvin Opie's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. # 28) and defendants Ashley and Julie Corrigan's Motion to Dismiss (Doc. # 36).

**I.    Background**

This action arises from Lee L. Grantham's ("Grantham") April 6, 1999, criminal stalking conviction in the Circuit Court of Cole County, Missouri. In his *pro se* Complaint, Grantham appears to assert the following claims: conspiracy under 42 U.S.C. § 1983 and/or 42 U.S.C. § 1985 and wrongful death. The defendants are various direct and indirect participants in the state criminal trial and its aftermath. These defendants now move this Court to dismiss Grantham's lawsuit on various grounds that are addressed in the next section of this Order.

## II. Discussion

### A. Wrongful Death

Grantham's wrongful death claims are barred by the statute of limitations. Wrongful death claims "shall be commenced within three years after the cause of action shall accrue." Mo. Ann. Stat. § 537.100 (West 2000). Grantham's father died on August 4, 1999. In his response to defendants Joyce and Nixon's Motion to Dismiss, Grantham concedes that his wrongful death claims accrued no later than February of 2000. The above-captioned case was filed on January 25, 2005, which is clearly outside the three-year statute of limitations for wrongful death claims. Accordingly, Grantham's wrongful death claims must be dismissed.

### B. Conspiracy

#### 1. Defendants Bob Jones, Michael Forck, Eric Peters, John Hemeyer, Gary Woodward, Richard Callahan, Elizabeth Kohler-Callahan, Anji Gandhi, & Marvin Opie

The above-named defendants argue that Grantham's *pro se* Complaint fails to state a claim upon which relief may be granted and therefore must be dismissed pursuant to Rule 12(b)(6).[1] Specifically, defendants argue that Grantham has failed to plead sufficient facts to proceed with a conspiracy claim. *See* Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988). Defendants also argue that Grantham's *pro se* Complaint, which incorporates a lengthy document entitled "A Rush to Judgment, A Conspiracy to Convict," violates Rule 8's "short and plain statement" requirement.

---

[1] When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must assume all factual allegations to be true. Goss v. City of Little Rock, 90 F.3d 306, 308 (8th Cir. 1996). This Court may order dismissal only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. McCormick v. Aircraft Mechanics Fraternal Ass'n, 340 F.3d 642, 644 (8th Cir. 2003). This Court is mindful of its duty to construe Grantham's *pro se* Complaint liberally. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

*See* Fed. R. Civ. P. 8. In the alternative, defendants move this Court for an Order instructing Grantham to file a more definite statement of his claims pursuant to Rule 12(e).[2]

This Court finds that Grantham's *pro se* Complaint, construed liberally, alleges sufficient facts to survive the pending Rule 12(b)(6) motions. Grantham's *pro se* Complaint, in isolation, sets forth conclusory allegations regarding the alleged conspiracy and is clearly insufficient. However, when viewing Grantham's *pro se* Complaint and the incorporated document entitled "A Rush to Judgment, A Conspiracy to Convict" in totality, there are sufficient allegations of fact to survive the pending Rule 12(b)(6) motions. Although the *pro se* Complaint is lengthy, its specificity and particularity benefit defendants by providing them a complete and detailed picture of Grantham's claims. Accordingly, defendants' Rule 12(b)(6) motions are denied.

This Court also denies defendants' Rule 12(e) motions. Defendants argue that they cannot properly prepare a responsive pleading. This Court is not persuaded by this argument. Defendants Joyce and Nixon have filed an Answer to Grantham's *pro se* Complaint. *See* Doc. # 3. Moreover, defendants Joyce, Nixon, and Ashley and Julie Corrigan agree that Grantham is probably asserting conspiracy claims under 42 U.S.C. § 1983 and/or 42 U.S.C. § 1985. Grantham has not denied said defendants' assertions regarding the nature of his claims. For these reasons, this Court finds that there are sufficient materials upon which to prepare a responsive pleading. Accordingly, defendants' Rule 12(e) motions are denied.

---

[2] Rule 12(e) reads in pertinent part, "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

### 2. Defendants Judge Patricia Joyce and Attorney General Jeremiah W. Nixon

Judge Patricia Joyce presided over Grantham's state criminal trial. All of Grantham's allegations against Judge Joyce appear to pertain to judicial actions taken during said trial. Consequently, Grantham's conspiracy claims against Judge Joyce must be dismissed on the ground of absolute judicial immunity. Stump v. Sparkman, 435 U.S. 349, 357-58 (1978); Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988).

Regarding Attorney General Nixon, Grantham alleges that the "conspiracy . . . extends into the Attorney General's Office. He has ignored my public request for a criminal investigation into these matters for over a year." Grantham does not have a constitutional right to an investigation of his claim of alleged conspiracy. The decision to investigate and litigate claims is within Attorney General Nixon's discretion. *See* Purnell v. Missouri Department of Corrections, 753 F.2d 703, 710 (8th Cir. 1985). Because Granthan has failed to allege a violation of a constitutional right on the face of his *pro se* Complaint, Attorney General Nixon is entitled to qualified immunity on Grantham's conspiracy claims. Weaver v. Clarke, 45 F.3d 1253, 1255 (8th Cir. 1995).

### 3. Defendants Ashley and Julie Corrigan

Ashley and Julie Corrigan were witnesses in the state criminal trial. Grantham alleges that the Corrigans conspired to obtain a criminal conviction against him by allegedly offering perjured testimony during his state criminal trial. Because Grantham's conspiracy claims stem from the Corrigan sisters' roles as witnesses during said trial, his conspiracy claims against them must be dismissed on the ground of absolute witness immunity. Conley v. Office of Public Defender, 653 F.2d 1241, 1242 (8th Cir. 1981); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992).

### III. Conclusion

Accordingly, it is hereby

ORDERED that defendants Bob Jones, Michael Forck, Eric Peters, John Hemeyer, Gary Woodward, Richard Callahan, Elizabeth Kohler-Callahan, and Anji Gandhi's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. # 17) is denied. It is further

ORDERED that defendants Patricia Joyce and Jeremiah W. Nixon's Motion to Dismiss (Doc. # 20) is granted. Judge Joyce and Attorney General Nixon are dismissed from this lawsuit. It is further

ORDERED that defendant Marvin Opie's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. # 28) is denied. It is further

ORDERED defendants Ashley and Julie Corrigan's Motion to Dismiss (Doc. # 36) is granted. Ashley and Julie Corrigan are dismissed from this lawsuit.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 6-24-05